DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, New York 10019
Tel.: (212) 489-8230
Fax: (212) 489-8340
Elizabeth A. McNamara (EAM 1987)
Christopher J. Robinson (CR 9165)
*Attorneys for Plaintiff Advanced Magazine Publishers, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ADVANCE MAGAZINE PUBLISHERS, INC.
d/b/a THE CONDE NAST PUBLICATIONS,

                Plaintiff,

-against-

ZAP ZONE NETWORK, MAIL CENTRO, INC.
and CP SOFTWARE GROUP,

                Defendants.

-----------------------------------------------------------x

07-CV-7923 (SHS)

**ANSWER TO COUNTERCLAIM**

      Counterclaim-Defendant Advance Magazine Publishers, Inc. d/b/a The Conde Nast Publications ("AMPI"), by and through its attorneys, Davis Wright Tremaine LLP, as and for its answer to the counterclaim of Zap Zone Network, MailCentro, Inc. and CP Software Group (collectively, "Counterclaim-Plaintiffs"), alleges as follows:

      119.      To the extent the allegations of paragraph 119 are deemed to be allegations of law, AMPI is not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, AMPI denies each and every allegation in said paragraph.

120. To the extent the allegations of paragraph 120 are deemed to be allegations of law, AMPI is not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, AMPI denies each and every allegation in said paragraph, except admits that the counterclaim purports to be a claim for declaratory judgment and admits that it has submitted to the personal jurisdiction of this Court.

121. AMPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.

122. AMPI admits the allegations in paragraph 122.

123. AMPI denies each and every allegation in paragraph 123, except admits that it owns registered and unregistered trademarks and all rights associated with such trademarks.

124. AMPI denies each and every allegation in paragraph 124.

125. To the extent the allegations of paragraph 125 are deemed to be allegations of law, AMPI is not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, AMPI denies each and every allegation in said paragraph.

126. To the extent the allegations of paragraph 126 are deemed to be allegations of law, AMPI is not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, AMPI denies each and every allegation in said paragraph.

127. There is no paragraph 127.

128. To the extent the allegations of paragraph 128 are deemed to be allegations of law, AMPI is not required to plead thereto; to the extent the allegations of said

paragraph are deemed to be allegations of fact, AMPI denies each and every allegation in said paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

None of Counterclaim-Plaintiffs are "a registrar, registry, or other registration authority" within the meaning of 15 U.S.C. § 1114(2)(D) and they are therefore not entitled to the safe harbor provisions of the Anti-Cybersquatting Consumer Protection Act.

### SECOND AFFIRMATIVE DEFENSE

Counterclaim-Plaintiffs maintains control over their proprietary database of vanity email addresses and therefore may be liable for trademark violations thereon.

### THIRD AFFIRMATIVE DEFENSE

Counterclaim-Plaintiffs are liable for contributory infringement of AMPI's marks because they knowingly and willfully continued to maintain and offered for sale on their proprietary database a list of email accounts containing such marks.

### FOURTH AFFIRMATIVE DEFENSE

AMPI has rights in its registered and unregistered trademarks marks because they are distinctive and/or have acquired strong secondary meaning.

### FIFTH AFFIRMATIVE DEFENSE

AMPI has rights that are incontestable under U.S. law in one or more of the trademarks challenged by Counterclaim-Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

AMPI's trademarks are not generic because they do not merely identify the type of product or service to which they are attached.

## PRAYER FOR RELIEF

WHEREFORE, AMPI prays for judgment against Counterclaim-Plaintiffs as follows:

1. Dismissing the counterclaim;

2. Denying the requested injunction;

3. Awarding AMPI its attorneys fees and costs;

4. Awarding AMPI such other and further relief as this Court may deem just and equitable.


Dated: December 20, 2007

DAVIS WRIGHT TREMAINE LLP

By: _____
Elizabeth A. McNamara (EAM 1987)
Christopher J. Robinson (CR 9165)

1633 Broadway
New York, NY 10019
(212) 489-8230

*Attorneys for Plaintiff*
*Advance Magazine Publishers, Inc.*
*d/b/a The Conde Nast Publications*